

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
May 20, 2020 04:07 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 948205

**PAUL WOOLDRIDGE**          **A 2001946**

vs.

**LOWES**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

### PAGES FILED: 7

EFR200


VERIFY RECORD

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| PAUL WOOLDRIDGE<br>966 W. North Bend Road<br>Cincinnati, Ohio 45224<br><br>    Plaintiff<br><br>-v-<br><br>LOWE'S<br>505 E. Kemper Road<br>Cincinnati, Ohio 45246<br><br>And<br><br>JOHN DOE<br>Address unknown<br><br>And<br><br>JAMES DOE<br>Address unknown<br><br>    Defendants | CASE NO.<br><br>(Judge           )<br><br>COMPLAINT<br>(Jury Demand Endorsed Hereon) |

Now comes the Plaintiff, Paul Wooldridge, by and through undersigned counsel, and for his causes of action in this matter, avers:

1) Plaintiff is a resident of Hamilton County, Ohio.

2) Plaintiff owns and occupies certain real estate, which real estate is subject of this action and is located within Hamilton County, Ohio.

3) Defendant Lowe's is a home improvement retailer that is incorporated and headquartered in North Carolina.

4) Defendant Lowe's maintains several business locations within Hamilton County, Ohio as well as numerous locations throughout the State of Ohio.

5) The transaction giving rise to this action took place within Hamilton County, Ohio.

6) The amount in controversy exceeds Twenty-Five Thousand Dollars.

7) The Hamilton County Court of Common Pleas has subject matter jurisdiction over the within action.

8) On the 20th day of June, 2018, plaintiff contracted with Defendant Lowe's to perform repairs to the real property located at and known as 966 W. North bend Road, Cincinnati, Hamilton County, Ohio. The contract is attached as Exhibit "A".

9) Defendant Lowe's agreed to remove the existing roofing shingles and re-shingle the roof. The Defendant Lowe's further agreed to repair and line the existing box gutters on the main residence.

10) Defendant Lowe's further agreed to complete the work within a reasonable time, which is specified in the agreement as "Estimated Completion Date: August 20, 2018".

11) Defendant Lowe's advertised its expertise in providing materials and labor for the repairs to plaintiff's home by advertising its "Lowe's Home Services".

12) The "Lowe's Home Services" advertisement makes the following declaration: "Lowe's has all of the tools and resources you need to get it done right. We offer professional independent installers, a minimum one-year labor guarantee …"

13) Plaintiff agreed to pay the contract price by financing the work through a Lowe's revolving account.

14) On information and belief, Defendant Lowe's contracted the work to a contractor known as "Reliable Roofing". This entity is identified above as defendant "John Doe". The exact identity, nature of business entity, and business address are unknown to plaintiff.

15) On information and belief, John Doe, without the knowledge or consent of plaintiff, subcontracted the work to a second entity referred to as "Ramirez". This entity is identified above as defendant "James Doe". The exact identity, nature of business entity, and business address are unknown to plaintiff.

16) James Doe entered upon the land of the plaintiff without preamble and on the strength of the agreement between plaintiff and Defendant Lowe's.

17) On or about August 9, 2018, James Doe appeared at the home of the plaintiff and removed the roof from the wrong structure, namely the plaintiff's free-standing garage.

18) Defendant James Doe also caused additional structural damage to the garage by causing a perforation in the sheathing and rafters.

19) Defendant James Doe then departed the plaintiff's premises without repairing the perforation or rendering the structure weather tight, thus leaving the garage structure and its contents open to the weather.

20) Plaintiff demanded that Lowe's repair the damage done to the garage, and left it in the damaged condition at Lowe's request for Lowe's to view the conditions of the structure.

21) After a reasonable inspection period expired, plaintiff covered the garage with tarpaulins to mitigate damage to the garage and its contents.

22) Neither Defendant Lowe's nor any of its contractors have ever repaired the damage caused to the garage.

23) The original subcontractor, presumably "Reliable" and identified herein as John Doe, did later replace the roll roofing on the residential structure. The materials used do not match those that defendant Lowe' indicated would be installed, specifically a rubber membrane, but the roof is otherwise functional.

24) The gutters were never repaired and relined by Lowe's or its contractors as called for in the agreement. No credit to the revolving credit has been made to compensate for the failure of defendant Lowe's and/or its contractor, to wit Jon Doe, to repair and reline the gutters.

25) Plaintiff's home incurred additional damage due to defendants' failure to repair the gutters. Plaintiff, in an effort to mitigate his damages, has had the gutters repaired at his additional expense by another firm unrelated to the Lowe's contract so as to prevent additional damage to the home of the plaintiff.

## COUNT ONE
## BREACH OF CONTRACT

26) Plaintiff incorporates all of the foregoing as though re-alleged at this point, and avers further,

27) Defendant Lowe's contracted with plaintiff to provide competent workmanship and a "professional independent installer" to perform the work at plaintiff's home.

28) The contract is attached as "exhibit "A".

29) Defendant Lowe's has failed to date to carry out the terms of the contract and the contract is breached.

30) Plaintiff is damaged thereby.

## COUNT TWO
## CONSUMER SALES PRACTICES ACT VIOLATION

31) Plaintiff incorporates all of the foregoing by reference as thought fully rewritten at this point, and avers further,

32) The contract between plaintiff and defendant Lowe's is a "Consumer Transaction" as defined in O.R.C. 1345.01.

33) Defendant Lowe's is a "Supplier" as defined in O.R.C. 1345.01.

34) Plaintiff is a "Consumer" as defined in O.R.C. 1345.01

35) Defendant Lowe's holds itself out in advertising as well as in-store sales presentation and promotion as having particular expertise and resources and otherwise offering "professional" installation of its products and certain guarantees on labor and materials.

36) These representations are misleading and false.

37) Plaintiff relied upon the Defendant's advertisements and enticements to his financial and legal detriment.

38) The actions of Defendant Lowe's violate the Ohio Consumer Sales Practices Act.

39) Plaintiff is entitled to relief pursuant to O.R.C. 1345.01 et. seq.

40) Plaintiff incorporates all of the foregoing by reference as thought fully rewritten at this point, and avers further:

## COUNT THREE
## NEGLIGENCE, JOHN DOE

41) Defendant John Doe owes a duty to plaintiff to exercise care in the selection of any subcontractor, and further owes a duty to plaintiff to supervise adequately any and all work performed on plaintiff's property at the direction of John Doe.

42) Defendant John Doe breached said duties to plaintiff and plaintiff is thereby incurred damage.

43) Defendant John Doe is liable to plaintiff for the damages caused to plaintiff's home and garage.

## COUNT FOUR
## TRESPASS JAMES DOE

44) Plaintiff incorporates all of the foregoing by reference as thought fully rewritten at this point, and avers further:

45) Defendant James Doe never had permission of plaintiff to enter upon plaintiff's land.

46) Defendant James Doe trespassed upon the lands of plaintiff.

47) Defendant James Doe willfully damaged the structure on plaintiff's property while trespassing thereon.

48) The garage is effectively destroyed and rendered structurally unsound by the damage caused by James Doe.

49) Plaintiff is damaged thereby

50) James Doe is liable to plaintiff for the value of the garage structure.

## COUNT FIVE
## NEGLIGENCE, JAMES DOE

51) Defendant James Doe owes a duty to plaintiff to exercise ordinary care in the repair of the structure on plaintiff's property.

52) Defendant James Doe breached said duties to plaintiff and plaintiff is thereby incurred damage.

53) Defendant James Doe is liable to plaintiff for the damages caused to plaintiff's home and garage.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, in an amount exceeding Twenty-Five Thousand Dollars and in an amount to be proven at trial. Plaintiff further demands treble damages against Defendant Lowe's for violation of O.R.C. 1345.01 et seq.

Plaintiff further demands costs, reasonable attorney fees, and any and all additional relief as to which he may be deemed entitled, at law or in equity.

## JURY DEMAND

Plaintiff Demands that the issues raised herein be tried by jury.

Respectfully Submitted,

*/s/ Alvertis W. Bishop, Jr.*

Alvertis W. Bishop, Jr. 0025391
Attorney for Mr. Paul Wooldrige
917 Main Street, Ste. 300
Cincinnati, Ohio 45202
513-241-2025/513-241-0154 fax
attybishop@alvertisbishop.com